JAMES LESTER PEELE v. HAROLD LAVERNE SMITH, WRIGHT CHEMICAL CORPORATION AND CAROLINA FLEETS, INCORPORATED

No. 7511SC446

(Filed 15 October 1975)

**Evidence § 33— unidentified letter stating medical expenses — testimony from letter as hearsay**

In an action to recover damages for personal injury allegedly resulting from defendants' negligent operation of a tractor-trailer rig on a public highway, the trial court erred in allowing plaintiff, who could not recall what his medical expenses were, to testify from an unidentified letter handed him by his counsel that the total amount of his bills was $3579.50, since no witnesses testified concerning treatment plaintiff received and charges therefor and plaintiff's testimony was hearsay.

APPEAL by defendant from *Hall, Judge.* Judgment entered 6 March 1975 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 18 September 1975.

This is a civil action wherein plaintiff, James Lester Peele, seeks to recover damages for personal injury allegedly resulting from the negligence of the defendants, Harold Laverne Smith and Wright Chemical Corporation, in the operation of a tractor-trailer rig on a public highway.

The jury found that the plaintiff was injured as a result of the negligence of the defendants as alleged in the complaint and fixed plaintiff's damages at $55,000.00. From judgment entered on the verdict, defendants appealed.

*Teague, Johnson, Patterson, Dilthey & Clay, by I. E. Johnson, Robert W. Sumner, and T. Yates Dobson, Jr., for plaintiff appellee.*

*Young, Moore, and Henderson, by B. T. Henderson II, and R. Michael Strickland for defendant appellants.*

HEDRICK, Judge.

Defendants assign as error the denial of their motion for a directed verdict. Because of the error hereinafter discussed requiring a new trial, we think it sufficient to say that the record contains sufficient evidence to require submission of this case to the jury. This assignment of error is overruled.

Defendants assign as error the action of the court in allowing the plaintiff to testify over their objection as follows:

Q: Do you know at this time the total amount of the bills which you have incurred?

A: (No answer)

Q: Will you look at this letter, please?

A: Yes, sir, this is the principal figure.

Q: Would you tell us [what] that total is, please?

MR. STRICKLAND: Objection.

THE COURT: Overruled.

A: Three thousand, five hundred seventy-nine dollars and fifty cents.

With respect to the injuries he received in the automobile accident and the medical treatment therefor, the plaintiff testified that on the day of the accident he went to Johnston Memorial Hospital. Dr. Johnson treated him in the emergency room for about four or five minutes and he left. The next day he saw Dr. Cole. He continued treatment under Dr. Cole "every day," until he went to see Dr. Dameron in Raleigh on 29 January 1971. He continued under the care of Dr. Dameron until November 1972. During this time, Dr. Dameron performed surgery on plaintiff in Rex Hospital. Plaintiff remained in Rex for approximately two weeks followed by several months recovery at home. On 12 June 1973 he went to see Dr. Edwards in Raleigh. He remained under the care of Dr. Edwards, seeing him periodically up until the time of the trial.

No witness from the Johnston Memorial Hospital testifield regarding any treatment plaintiff received at the emergency room or any charges which were made by the hospital for any treatment given plaintiff. Dr. Cole did not testify with respect to his treatment of the plaintiff or as to any charges he made for such treatment. Dr. Dameron did not testify regarding the surgery he performed for plaintiff or any charges for such service. There is no evidence in the record as to any charges for plaintiff's hospitalization at Rex Hospital. Although Dr. Edwards testified regarding the plaintiff's injuries and disability, there was no evidence in the record as to any charges made by him for his services to plaintiff. The only

evidence in the record regarding any medical, hospital, or physician's expenses "incurred" by plaintiff is that contained in the testimony challenged by this exception.

Plaintiff argues that he used the letter referred to by his counsel to refresh his recollection; however, we think that portion of the record quoted above demonstrates clearly that the witness did not know what his bills were. Furthermore, we think it is clear from the record that plaintiff read from an unidentified letter. The response, in our opinion, was hearsay.

The plaintiff failed to lay a sufficient foundation for the admission of this testimony. Assuming that plaintiff did incur bills totaling $3,579.50, the record is totally lacking in any evidence tending to show any causal relation between these expenses and the injuries received in the accident. The prejudicial effect of this error, we think, is twofold. First, obviously it permitted the jury to award to plaintiff $3,579.50 which was not supported by competent evidence. Second, and equally important, the jury could infer that a large portion of the $3,579.50 was for the surgery on plaintiff's neck, and the hospitalization connected therewith; yet Dr. Dameron, and none of the other expert witnesses, testified that the surgery was for the treatment of injuries sustained in the accident.

Defendant has additional assignments of error which we do not discuss since they are unlikely to occur at a new trial.

For the reasons stated, there must be a new trial.

New trial.

Judges MORRIS and ARNOLD concur.